FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ECBI WARNER, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:21-CV-148 (MTT) |
| ) | |
| THOMAS RANDALL TOMS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Defendants the City of Warner Robins and Bill Mulkey, the Director of Buildings and Transportation for the City of Warner Robins, move for sanctions against the Plaintiffs and their legal counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure.  Doc. 74.  For the following reasons, that motion is **DENIED**.

### I. BACKGROUND

This case stems from a disagreement over the issuance of right-of-way permits requested by the plaintiffs to access fiber optic lines installed throughout the City of Warner Robins.  Doc. 1 at 2-3.  The plaintiffs filed their complaint on April 29, 2021 alleging that the defendants, the City, Mulkey, and various other government officials, denied the plaintiffs' request for right-of-way permits based on racial animus.  *Id*. ¶ 44.  Specifically, the plaintiffs alleged multiple constitutional and statutory claims of discrimination under the Fourteenth Amendment Equal Protection clause (Count I), 42 U.S.C. § 1985 (Count II), the Fifth and Fourteenth Amendment takings clause (Count III), and the Fifth and Fourteenth Amendment contracts clause (Count IV).  *Id*. ¶¶ 144-210.  Further, the plaintiffs alleged state law claims including conversion (Count V),

breach of fiduciary duty (Count VI), breach of contract (Count VII), and promissory estoppel (Count VIII), in addition to claims for attorneys' fees (Counts IX and XI) and punitive damages (Count X).  *Id*. ¶¶ 211-298.

The City and Mulkey served the plaintiffs with a Rule 11 motion for sanctions on May 28, 2021.  Doc. 74-2.  The sanctions motion alleged that all the claims in the complaint were unsupported by controlling law and clearly frivolous.  *Id*.  The plaintiffs did not dismiss within Rule 11's 21-day safe harbor period, and the defendants filed a Rule 12(b)(6) motion to dismiss on July 28, 2021.  Doc. 26.  Regardless of the motion's merit, the complaint was a mess, and the Court ordered the plaintiffs to recast.  Doc. 56.

The plaintiffs filed their amended complaint on January 4, 2022.  Doc. 57.  The amended complaint alleged additional facts and dropped all claims except a Fourteenth Amendment Equal Protection claim, a Fourteenth Amendment property rights claim, and a claim for attorneys' fees.  *Id*. ¶¶ 117-181.  The defendants did not serve a Rule 11 motion in response to the amended complaint.  Rather, on January 26, 2022, the defendants moved to dismiss.  Doc. 59.  The Court convened a hearing on the second motion to dismiss on April 28, 2022.  Doc. 71.  One day later, the defendants informed the plaintiffs that they were "exposed to Rule 11 sanctions."  Doc. 75-1 at 3-4.  On May 3, 2022, the plaintiffs voluntarily dismissed their claims *with* prejudice.  Doc. 73.  The defendants then filed the Rule 11 motion they served on May 28, 2021.  Doc. 74

The defendants' Rule 11 motion identifies, as it only could, problems with the first complaint.  *Id*.  But, the defendants argue the Rule 11 motion they served on May 28, 2021 satisfies their obligation to afford the plaintiffs 21 days to dismiss the *amended* complaint.  The defendants' motion seeks to recover their attorneys' fees, all their

attorneys' fees incurred from May 3, 2021 until May 30, 2022.  Doc. 74-3 at 7-53.  The defendants seek a lump sum recovery, meaning they want it all.

## II. STANDARD

When an attorney or pro se party files a motion or pleading, he or she certifies to the Court that, to the best of his or her knowledge and after reasonable inquiry

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)-(3).

"The objective standard for testing conduct under Rule 11 is reasonableness under the circumstances and what was reasonable to believe at the time the pleading was submitted."  *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (internal quotation marks and footnote omitted).  There is a two-step inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous."  *Id*.  If there is a violation, the Court may impose sanctions.  Fed. R. Civ. P. 11(c)(1).  The purpose of Rule 11 sanctions is "to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).

Rule 11(c)(2) also requires notice and an opportunity for the offending party to retract its motion or pleading.  Specifically, the Rule provides that the "motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately

corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Therefore, to comply with the safe harbor provision in Rule 11, a party must serve its motion for sanctions on the opposing party, but not file it with the court, until at least 21 days has passed. *Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1346 (11th Cir. 2022). "If, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

### III. DISCUSSION

A general observation is appropriate at the outset. The Court never formally ruled on the merits of any of the plaintiffs' *claims*. While the Court, as its pointed questions and telegraphed rulings on *some* issues suggest, is conversant with the four claims in the complaint, the Court knows little about the claims the plaintiffs withdrew and nothing about the related state court litigation. To determine what, if any, of the plaintiffs' claims were frivolous would require an inquiry far deeper than the current record permits. And then the Court would likely need far more detail about what expenses were incurred with respect to particular claims. Perhaps that seems burdensome; the parties could spend more time litigating frivolity than merits. But that is the probing the Eleventh Circuit requires. *See e.g., United States ex rel. Zediker v. OrthoGeorgia*, 407 F. Supp. 3d 1330 (M.D. Ga. 2019), *aff'd*, 857 F. App'x 600 (11th Cir. 2021); *Barnes v. Zaccari*, 592 F. App'x 859 (11th Cir. 2015); *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir. 1987). However, that detailed inquiry is unnecessary here.

The defendants assert that they complied with the 21-day safe harbor period mandated by Rule 11(c) when they served their motion for sanctions on May 28, 2021. Doc. 74-1 at 1. The motion for sanctions addresses problems with the plaintiffs' first complaint. Doc. 74. Of course, that complaint is no more and was replaced by a substantially revised and narrowed amended complaint. Doc. 57. The defendants did not serve a Rule 11 motion after the plaintiffs filed their amended complaint, and thus did not provide, as Rule 11 requires, the plaintiffs 21 days to dismiss the amended complaint. The key question then is whether the Rule 11 motion, which does not attack the amended complaint, but yet seeks sanctions for the amended complaint, satisfies Rule 11's safe harbor requirement. It does not.

The filing of an amended pleading "resets the clock for compliance with the safe harbor requirements of Rule 11(c)(2)." *Lechter v. Aprio, LLP*, __ F. Supp. 3d __, 2022 WL 3453349, at *6 (N.D. Ga. Aug. 17, 2022) (quoting *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010)); *see also Lomax v. Ruvin*, 2011 WL 13267206 (S.D. Fla. Aug. 19, 2011), *report and recommendation adopted*, 2011 WL 13267163 (S.D. Fla. Sept. 22, 2011). Although a party may satisfy the 21-day safe harbor period for the first complaint, that notice is insufficient to satisfy the 21-day safe harbor period for a subsequently filed amended complaint. *Lechter*, 2022 WL 3453349, at *8. For example, in *Lawrence*, the Second Circuit held that serving a motion for sanctions based on a first amended complaint was insufficient to satisfy the safe harbor period for sanctions based on the second amended complaint. 620 F.3d at 157-58. The court highlighted that the purpose of the safe harbor period is to give the alleged violator time to either withdraw or correct the *offending* document. *Id*. at 158. Therefore, while the

plaintiff was given the required notice with respect to the first amended complaint, the plaintiff was not given the required notice with respect to the second amended complaint. *Id*. at 157.

Relying on *Lawrence*, the court in *Lechter* reached the same conclusion on facts almost identical to the facts here. 2022 WL 3453349, at *6 (citing *Lawrence*, 620 F.3d at 155-58). The defendant in *Lechter* provided the plaintiffs with notice that it sought to move for sanctions based on the first complaint. *Id*. The plaintiffs did not dismiss within the safe harbor period. *Id*. at *4. Later the plaintiffs filed an amended complaint. *Id*. The defendant did not serve a new Rule 11 motion and did not advise the plaintiffs that it could avoid sanctions by dismissing the amended complaint. *Id*. The court concluded that because the plaintiffs raised new allegations in the amended complaint, the defendant was required to provide a renewed notice to the plaintiffs of its intention to seek sanctions. *Id*. at *8. Thus, the defendant's failure to provide the requisite notice rendered the motion for Rule 11 sanctions procedurally defective. *Id*.

Here, the defendants contend that their Rule 11 motion is proper because the amended complaint did not cure all the defects in the first complaint. Doc. 74-1 at 3. But the amended complaint did make substantial changes to the first complaint. The plaintiffs narrowed their claims from eleven counts to three counts and included additional factual allegations. Docs. 1; 57. Thus, while the allegations in the amended complaint may still have been insufficient to survive a motion to dismiss, "there were enough new allegations in the Amended Complaint to trigger [the defendants'] obligation to provide renewed notice to Plaintiffs of [their] intent to seek sanctions."

*Lechter*, 2022 WL 3453349, at *8; *see also Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 916 (11th Cir. 2003).

Finally, the defendants assert that the plaintiffs were "unequivocally informed that the defendants would be pursing Rule 11 sanctions" before the plaintiffs voluntarily dismissed their claims with prejudice on May 3, 2022. Docs. 77 at 1; 73. The only "notice" in the record provided after the filing of the amended complaint is dated April 29, 2022. Doc. 75-1 at 3. This cuts against the defendants. While the plaintiffs may have been somewhat motivated by events at the April 28, 2022 motion to dismiss hearing, the fact remains that when the defendants gave notice, the plaintiffs dismissed. That is, of course, precisely what Rule 11 contemplates.[1]

## IV. CONCLUSION

In conclusion, the Court cannot impose the Rule 11 sanctions the defendants seek because the defendants failed to comply with Rule 11's safe harbor requirement. Accordingly, Defendants the City of Warner Robins' and Bill Mulkey's motion for sanctions (Doc. 74) is **DENIED**.

**SO ORDERED**, this 20th day of October, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The defendants do not contend that they have perfected a Rule 11 claim for the original complaint *only* and that they can recover expenses limited to the defense of that complaint. If they had, the Court's observation at the outset would have been more than a mere observation.

-7-